STATE v. ADDISON

[128 N.C. App. 741 (1998)]

––––––––––––

STATE OF NORTH CAROLINA v. MICKEY SPELLAIN ADDISON

No. COA97-888

(Filed 3 March 1998)

**1. Constitutional Law § 342 (NCI4th)— in-chambers conference—defendant not present—not prejudicial**

There was no prejudicial error in a first-degree murder prosecution where the trial court conducted an in-chambers conference with counsel in defendant's absence. The trial court erred by conducting the conference, but defense counsel was instructed to convey the substance of the brief conference to defendant, after which the trial court further elaborated on the nature of the conference in open court in defendant's presence and withheld ruling on the matter until after the parties returned to open court and discussed the matter further. Finally, given defendant's trial strategy, no harm could be discerned.

**2. Homicide § 75 (NCI4th)— murder—self-defense—instruction inappropriate**

In a first-degree murder prosecution, the Court of Appeals noted that a charge on self-defense would be inappropriate under the circumstances.

Appeal by defendant from judgment entered 8 November 1996 by Judge William C. Gore, Jr. in Robeson County Superior Court. Heard in the Court of Appeals 9 February 1998.

*Attorney General Michael F. Easley, by Assistant Attorney General John F. Maddrey, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Constance H. Everhart, for defendant-appellant.*

MARTIN, Mark D., Judge.

Defendant appeals from conviction of first degree murder.

A detailed recitation of the facts is not necessary to address the issue presented by this appeal. Briefly, however, the State's evidence tended to show on 30 June 1993, defendant attempted to rob the victim after the victim stopped to withdraw money at a United Carolina Bank ATM machine. During the course of the attempted robbery, defendant shot the victim in the head. Videotapes and still photographs obtained from the ATM machine's closed circuit camera showed defendant shooting the victim, who died instantly from a bullet wound to the left side of his head. In addition, the State presented testimony that defendant subsequently told others he shot the victim.

Defendant's trial strategy was to concede he shot the victim during the course of an attempted robbery, but to claim that under the circumstances he was not guilty of first degree murder. Defendant admitted he shot the victim, but maintained he did so only after the victim reached for his own gun. Fearing the victim might shoot him, defendant shot the victim to defend himself. Still photographs taken from the videotape, however, show defendant grabbing the victim's left wrist and reaching into the car with his right arm to shoot the victim as the victim leaned to the right. Moreover, defendant admitted the victim never actually pointed the gun at him.

On 5 November 1996, a jury convicted defendant, who was tried capitally, of first degree murder under the felony murder rule. After the jury failed to reach a unanimous verdict during the sentencing phase of defendant's trial, the trial court sentenced him to life imprisonment.

[1] On appeal, defendant contends the trial court violated Article I, Section 23 of the North Carolina Constitution by conducting an in-chambers conference outside his presence, thereby entitling him to a new trial.

"It is well settled that Article I, Section 23 . . . guarantees a criminal defendant the right to be present at every stage of his trial." *State*

STATE v. ADDISON

[128 N.C. App. 741 (1998)]

*v. Boyd*, 343 N.C. 699, 718, 473 S.E.2d 327, 337 (1996), *cert. denied*, —— U.S. ——, 117 S. Ct. 778, 136 L. Ed. 2d 722 (1997). This right, which includes an in-chambers conference with counsel, cannot be waived in capital trials. *Id.*; *see also State v. Williams*, 343 N.C. 345, 361, 471 S.E.2d 379, 387-388 (1996), *cert. denied*, —— U.S. ——, 117 S. Ct. 695, 136 L. Ed. 2d 618 (1997). Therefore, "it is error for the trial court to conduct a chambers conference with counsel for the State and counsel for defendant in defendant's absence." *State v. Daniels*, 337 N.C. 243, 259, 446 S.E.2d 298, 309 (1994), *cert. denied*, 513 U.S. 1135, 115 S. Ct. 953, 130 L. Ed. 2d 895 (1995).

This type of error does not mandate automatic reversal, however, the State carries the burden of demonstrating that the error was harmless beyond a reasonable doubt. *State v. Brogden*, 329 N.C. 534, 541, 407 S.E.2d 158, 163 (1991). When, as here, the in-chambers conference is recorded, the appellate court is able to determine from the record if the error was harmless. *See Williams*, 343 N.C. at 361, 471 S.E.2d at 388 (finding that new trial not warranted where conferences were recorded contemporaneously and defendant was not harmed by his absence); *see also Boyd*, 343 N.C. at 719, 473 S.E.2d at 337.

In the instant case, the trial court erred by conducting an in-chambers conference with counsel in defendant's absence. However, the trial court's error does not entitle defendant to a new trial. The circumstances giving rise to the error occurred during the State's examination of prosecution witness Curtis E. Ellis. The State attempted to impeach Ellis, defendant's companion on the night the murder occurred, with a prior statement after Ellis deviated from that statement during his testimony. The trial court intervened and sustained its own objection to the State's questioning. After excusing the jury and conducting a *voir dire* hearing, the trial court asked defense counsel for their position on the matter. When counsel replied "we have no position," the trial court asked to see counsel in chambers.

In chambers with the court reporter and counsel present, the trial court noted defendant's absence and directed defense counsel to relay the substance of the conference to defendant "as soon as you talk with him after this recess." The trial court then stated it could not understand defendant's position of taking no position. When counsel replied that it involved defense tactics, the trial court simply explained its surprise, provided both defense counsel and the State with a copy of what it believed to be the applicable law, and stated "I will hear from you in open court thereafter."

Upon returning to the courtroom, the trial court noted its directive to defense counsel to convey the substance of the conference to defendant and was assured by counsel they had done so. The trial court then made additional inquiries to defense counsel regarding their approach and the trial court's concern that defendant was aware of their position. After further discussion, defense counsel informed the trial court that they did not object to the State's use of the statement.

The record in this case shows the trial court's error was, in fact, harmless beyond a reasonable doubt. Specifically, defense counsel were instructed to, and indicated they did, convey the substance of the brief conference to defendant, after which time the trial court further elaborated on the nature of the conference in open court in defendant's presence. Moreover, the trial court withheld ruling on the matter until after the parties returned to open court and discussed the matter further. *See State v. Williams*, 339 N.C. 1, 31-32, 452 S.E.2d 245, 263-264 (1994) (finding no error where the trial judge did not make a ruling in chambers but explored the issue in open court on the record), *cert. denied,* —— U.S. ——, 116 S. Ct. 109, 133 L. Ed. 2d 61 (1995). Finally, given defendant's trial strategy, we are unable to discern harm, particularly where Ellis' prior statement tended to support defendant's defense. Therefore, defendant's argument must fail. Defendant received a fair trial free from prejudicial error.

[2] Additionally, we note that a charge on self-defense clearly would be inappropriate under the circumstances. Accordingly, defendant's assignment of error claiming the trial court improperly failed to instruct the jury on voluntary manslaughter, based on a theory of imperfect self-defense in a murder felony case, is without merit.

Although defendant raised numerous assignments of error in the record on appeal, he has abandoned his remaining assignments of error by failing to bring them forward in his brief. N.C.R. App. P. 28(a) (1998).

No error.

Judges GREENE and SMITH concur.